1   MICHELE L. MARYOTT, SBN 191993
      mmaryott@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    3161 Michelson Drive
3   Irvine, CA  92612-4412
    Telephone:  949.451.3800
4   Facsimile:   949.451.4220

5   GABRIELLE LEVIN (*pro hac vice*)
      GLevin@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
7   New York, NY 10166-0193
    Telephone:  212.351.4000
8   Facsimile:   212.351.4035

9   *Counsel for Defendant Meta Platforms, Inc.*

10

11

12

13

14

15                  UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18

19   PURUSHOTHAMAN RAJARAM,           CASE NO. 3:22-cv-02920-LB

20              Plaintiff,            **DEFENDANT META PLATFORMS,**
                                      **INC.'S REPLY IN SUPPORT OF**
21        v.                          **MOTION TO DISMISS PLAINTIFF'S**
                                      **FIRST AMENDED COMPLAINT**
22   META PLATFORMS, INC.,            **PURSUANT TO FED. R. CIV. P**
                                      **12(b)(6) AND TO STRIKE**
23              Defendant.            **PLAINTIFF'S FIRST AMENDED**
                                      **COMPLAINT PURSUANT TO FED.**
24                                    **R. CIV. P. 12(f)**

25                                    Hon. Laurel Beeler

26                                    Date:      October 6, 2022
                                      Time:      9:30 a.m.
27                                    Location: Courtroom B

28

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................................. 1

II.    ARGUMENT ..................................................................................................... 2

    A.     Plaintiff's Claim is Not Cognizable Under Section 1981 ........................ 2

    B.     Even if Cognizable, Plaintiff Fails to State a Section 1981 Claim ........... 6

        1.     Plaintiff's Reliance on the *Teamsters* Evidentiary Framework
            is Misplaced .......................................................................... 6

        2.     Plaintiff Fails to Plausibly Allege that Meta Acted With
            Discriminatory Intent ........................................................... 9

        3.     Plaintiff Fails to Plausibly Allege that He Would Have Been
            Hired "But For" Discrimination ......................................... 12

    C.     The Court Should Strike Plaintiff's Allegations Concerning the
        DOJ Complaint and No-Admit Settlement ................................. 13

III.   CONCLUSION ........................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Conboy*,
 156 F.3d 167 (2d Cir. 1998) ........................................................................ 5

*Astre v. McQuaid*,
 804 F. App'x 665 (9th Cir. 2020) ................................................................ 7

*Barbera v. WMC Mortg. Corp.*,
 2006 WL 167632 (N.D. Cal. Jan. 19, 2006) .............................................. 10

*Beck v. Boeing Co.*,
 60 F. App'x 38 (9th Cir. 2003) ................................................................... 10

*Bibi v. VxL Enters., LLC*,
 No. 3:21-cv-04670 (N.D. Cal. Sept. 24, 2021) .......................................... 13

*Boyle v. Madigan*,
 492 F.2d 1180 (9th Cir. 1974) ...................................................................... 7

*Brown v. Coach Stores, Inc.*,
 163 F.3d 706 (2d Cir. 1998) ......................................................................... 7

*Brown v. Nucor Corp.*,
 785 F.3d 895 (4th Cir. 2015) ........................................................................ 8

*Celestine v. Petroleos de Venezuella SA*,
 266 F.3d 343 (5th Cir. 2001) ........................................................................ 6

*Chaiffetz v. Robertson Rsch. Holding, Ltd.*,
 798 F.2d 731 (5th Cir. 1986) ........................................................................ 4

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
 140 S. Ct. 1009 (2020) ............................................................................. 7, 12

*Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*,
 821 F.3d 1069 (9th Cir. 2016) ...................................................................... 7

*Daniels v. United Parcel Serv., Inc.*,
 701 F.3d 620 (10th Cir. 2012) ...................................................................... 8

ii

*Diamond v. United States*,
    2015 WL 11215851 (C.D. Cal. May 15, 2015)................................................9

*Diaz v. Am. Tel. & Tel.*,
    752 F.2d 1356 (9th Cir. 1985) ................................................10

*EEOC v. Gen. Tel. Co. of Nw., Inc.*,
    599 F.2d 322 (9th Cir. 1979) ................................................8

*EEOC v. Radiator Specialty Co.*,
    610 F.2d 178 (4th Cir. 1979) ................................................10

*Fraker v. Bayer Corp.*,
    2009 WL 5865687 (E.D. Cal. Oct. 6, 2009)................................................15

*Gavalik v. Cont'l Can Co.*,
    812 F.2d 834 (3d Cir. 1987) ................................................12

*Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*,
    458 U.S. 375 (1982)................................................5

*Hazelwood Sch. Dist. v. United States*,
    433 U.S. 299 (1977)................................................10

*Hernandez v. Siri & Son Farms, Inc.*,
    2021 WL 4999022 (D. Or. Sept. 30, 2021), *report and
    recommendation adopted*, 2021 WL 4993475 (D. Or. Oct. 27, 2021) .................3, 4

*Herrera v. Serv. Emps. Int'l Union Loc. 87*,
    2013 WL 12324535 (N.D. Cal. Sept. 13, 2013)................................................7, 8

*Hohider v. UPS, Inc.*,
    574 F.3d 169 (3d Cir. 2009) ................................................7, 9

*Int'l Bhd. of Teamsters v. United States*,
    431 U.S. 324 (1977)................................................6

*Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*,
    807 F.2d 1214 (5th Cir. 1987), *opinion modified on denial of reh'g*,
    819 F.2d 545 (5th Cir. 1987) ................................................5

*Jimenez v. Servicios Agricolas Mex, Inc.*,
    742 F. Supp. 2d 1078 (D. Ariz. 2010) ................................................3

*Kamath v. Robert Bosch LLC*,
    2014 WL 2916570 (C.D. Cal. June 26, 2014)...............................................................7

*Lenk v. Sacks, Ricketts, & Case LLP*,
    2020 WL 2793480 (N.D. Cal. May 29, 2020).............................................................7

*Maack v. Wyckoff Heights Med. Ctr.*,
    2016 WL 3509338 (S.D.N.Y. June 21, 2016)........................................................4, 5

*Martinez v. Oakland Scavenger Co.*,
    680 F. Supp. 1377 (N.D. Cal. 1987).......................................................................10

*McDonald v. Santa Fe Trail Transp. Co.*,
    427 U.S. 273 (1976)..................................................................................................3

*Meyenhofer v. Larsen & Toubro Infotech Ltd.*,
    503 F. Supp. 3d 39 (S.D.N.Y. 2020)....................................................................4, 6

*Moralez v. Whole Foods Mkt. Cal., Inc.*,
    2016 WL 845291 (N.D. Cal. Mar. 4, 2016)............................................................13

*Moss v. U.S. Secret Serv.*,
    675 F.3d 1213 (9th Cir. 2013)..................................................................................9

*Murillo v. Servicios Agricolas Mex Inc.*,
    2012 WL 1030084 (D. Ariz. Mar. 27, 2012)............................................................3

*Obrey v. Johnson*,
    400 F.3d 691 (9th Cir. 2005)..................................................................................10

*Parks v. Buffalo City Sch. Dist.*,
    2020 WL 2079320 (W.D.N.Y. Apr. 30, 2020)......................................................13

*Piva v. Xerox Corp.*,
    654 F.2d 591 (9th Cir. 1981)..................................................................................11

*Richardson v. City of N.Y.*,
    2018 WL 4682224 (S.D.N.Y. Sept. 28, 2018)........................................................8

*Rosenfeld v. Talamantes*,
    2022 WL 2903144 (C.D. Cal. May 23, 2022)..........................................................8

*Sagana v. Tenorio*,
    384 F.3d 731 (9th Cir. 2004), *as amended* (Oct. 18, 2004).....................................4

iv

*Slaight v. Tata Consultancy Servs., Ltd.*,
    842 F. App'x 66 (9th Cir. 2021) ................................................................ 10

*Tomason v. Stanley*,
    2013 WL 5652040 (S.D. Ga. Oct. 16, 2013) ........................................... 5

*Vanvalkenburg v. Or. Dep't of Corrs.*,
    2014 WL 5494895 (D. Or. Oct. 30, 2014) ............................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .............................................................................. 10

*Williams v. Tech Mahindra (Americas), Inc.*,
    2021 WL 302929 (D.N.J. Jan. 29, 2021) ............................................ 8, 13

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:22-cv-02920-LB

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3        Plaintiff's First Amended Complaint ("FAC") asserts a single claim:  that Meta

4   Platforms, Inc. discriminated against him, a United States citizen, by favoring visa

5   holders in hiring, in violation of 42 U.S.C. § 1981.  Plaintiff concedes that there are no

6   cases from the Court of Appeals for the Ninth Circuit or any California district court

7   permitting a United States citizen to bring a claim for alienage discrimination under

8   Section 1981, and he does not deny that the vast majority of courts to consider the claim

9   have rejected it.  Rather, Plaintiff points to a couple of outlier cases from other districts.

10  But those cases are unpersuasive for the reasons set forth in Meta's Motion, and

11  Plaintiff's reliance on an artificial distinction between "citizenship" and "alienage"

12  discrimination and irrelevant legislative history does not save his groundless claim.

13  Plaintiff's defective legal theory is fatal, and requires dismissal of the FAC in its entirety

14  and with prejudice.

15       Even if Plaintiff's Section 1981 claim were cognizable, he fails to adequately

16  plead it.  The FAC alleges no facts supporting a plausible inference that Meta acted with

17  discriminatory motivation or that Plaintiff would have been hired "but for" Meta's

18  alleged discrimination.  Unable to overcome these pleading deficiencies, Plaintiff tries

19  to confuse the Court by suggesting that the *Teamsters* evidentiary framework applies

20  because he alleges a pattern or practice of discrimination on behalf of a putative,

21  uncertified class.  But a pattern or practice claim is not a free-standing cause of action,

22  and *Teamsters* does not supplant Plaintiff's burden to plausibly plead the elements of his

23  discrimination claim.  Because he fails to sufficiently plead his *individual* Section 1981

24  claim, Plaintiff's FAC must be dismissed.

25       Finally, if the FAC is not dismissed entirely, borrowed allegations from an

26  unadjudicated Department of Justice complaint against Meta and no-admit settlement of

27  the same should be stricken from the FAC.  The Opposition's focus on the accuracy of

28

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:22-cv-02920-LB

Plaintiff's "descriptions" of the DOJ's allegations and review of the agency's filings is misdirection; Plaintiff relies on those allegations as truth and as his "proof" of discrimination.[1]  His counsel's inappropriately submitted declaration is no substitute for plausible allegations, and cannot overcome the FAC's failure to allege an independent factual basis for his claims.  Paragraphs 2, 13, 17, 18, and 19 should be stricken.

Accordingly, the First Amended Complaint should be dismissed in its entirety and with prejudice.  In the alternative, Meta respectfully requests the Court strike certain allegations therein.

## II.   ARGUMENT

For the reasons stated herein, the First Amended Complaint should be dismissed in its entirety and with prejudice.

### A.   Plaintiff's Claim is Not Cognizable Under Section 1981

Plaintiff, a United States citizen, purports to bring a Section 1981 claim for "discrimination on the basis of citizenship" (FAC ¶ 44), a claim that neither the Court of Appeals for the Ninth Circuit nor any California district court has endorsed.  Plaintiff does not dispute this, nor does he dispute that the vast majority of courts to consider whether such a claim is actionable have held that it is not.  *See* Opp. at 6–9; *see also* Mot. at 6–8 (describing cases).  Instead, Plaintiff largely ignores Meta's arguments, focusing on a couple of unpersuasive outlier cases, irrelevant legislative history, and an illusory distinction between "alienage" and "citizenship" discrimination.

First, Plaintiff's citation to *Sagana v. Tenorio* is misleading, because *Sagana* does not authorize citizenship discrimination claims brought by U.S. citizens.  384 F.3d 731 (9th Cir. 2004), *as amended* (Oct. 18, 2004).  *Sagana* states that "[t]he protection of [Section 1981] has been held to extend to aliens as well as to citizens."  Opp. at 6

---

[1]   As stated in Meta's Motion, Meta does not concede the truth of any allegations in the FAC, including those purporting to describe the DOJ Complaint or Settlement. *See* Mot. at 2 n.1; *see also id.* at 10 n.3 (explaining that the Settlement is not an admission of guilty or liability).

1    (quoting *Sagana*, 384 F.3d at 738).   But Meta does not dispute that Section 1981
2    prohibits alienage discrimination claims brought by aliens.   In *Sagana*, a "nonresident
3    alien" was permitted to sue under Section 1981; *Sagana* does not address the specific
4    legal question presented by Meta's Motion:  whether U.S. citizens can sue for alienage
5    discrimination under Section 1981.

6        Second, Plaintiff attempts to rely on three anomalous out-of-district cases (*see*
7    Opp. at 6), but he fails to adequately respond to Meta's arguments demonstrating why
8    those cases are unpersuasive (*see* Mot. at 8–9).  As explained in Meta's Motion (*id.*), the
9    Magistrate Judge in *Hernandez v. Siri & Son Farms, Inc.*, 2021 WL 4999022 (D. Or.
10   Sept. 30, 2021), *report and recommendation adopted*, 2021 WL 4993475 (D. Or. Oct.
11   27, 2021), merely assumed without any analysis that a U.S. citizen could bring a claim
12   for alienage discrimination.   Plaintiff does not dispute this point.   *See* Opp. at 6–9.
13   Plaintiff cites *Murillo v. Servicios Agricolas Mex Inc.*, 2012 WL 1030084 (D. Ariz. Mar.
14   27, 2012) in his list of cases that "have held that U.S. citizens can bring Section 1981
15   claims for citizenship discrimination."  Opp. at 6.  But this was not the court's "holding."
16   At most, the court assumed such a claim exists—and defendants apparently never argued
17   otherwise—before dismissing the claim for lack of proof.  *Murillo*, 2012 WL 1030084,
18   at *11.  In any case, just as in *Hernandez*, the absence of any relevant reasoning in the
19   court's decision renders it unpersuasive.

20       Plaintiff is therefore left to rely on *Jimenez v. Servicios Agricolas Mex, Inc.*, 742
21   F. Supp. 2d 1078 (D. Ariz. 2010).  Like the court in *Jimenez*, Plaintiff asserts that the
22   Supreme Court's decision in *McDonald v. Santa Fe Trail Transportation Company*, 427
23   U.S. 273, 274 (1976), permitting white individuals to sue for reverse race discrimination
24   under Section 1981 "applies equally to reverse discrimination citizenship claims."  Opp.
25   at 7.  But race is not citizenship.  The only Court of Appeals to consider this issue
26   expressly rejected this application of *McDonald*, reasoning that "[d]iscrimination
27   against whites is racial discrimination, but (in America) discrimination against

28

3

Americans . . . [is] discrimination based on national origin." *Chaiffetz v. Robertson Rsch. Holding, Ltd*, 798 F.2d 731, 735 (5th Cir. 1986) (holding that U.S. citizens may not bring claims for alienage discrimination under Section 1981).

Instead of grappling with *Chaiffetz* (because he cannot), Plaintiff notes only that the Fifth Circuit "never considered whether Section 1981 applies to discrimination based on *citizenship*." Opp. at 8 (emphasis in original). Plaintiff is wrong. In holding that discrimination "against Americans . . . [is] discrimination based on national origin," the Fifth Circuit *necessarily* rejected discrimination based on "citizenship." *Chaiffetz*, 798 F.2d at 735. Moreover, this distinction between alienage discrimination and citizenship discrimination is artificial and misleading. While Plaintiff latches on to the term "citizen" in the text of Section 1981 (*see* Opp. at 8), the Ninth Circuit has recognized that "the word 'citizen' attests that a person cannot face disadvantage in the activities protected by § 1981 solely because of *his or her alien status*." *Sagana*, 384 F.3d at 738 (emphasis added). Indeed, most cases use the terms citizenship and alienage interchangeably, including the *Hernandez* decision on which Plaintiff principally relies, further demonstrating that his fallacious dichotomy is merely an effort to confuse the Court about the applicability of the cases that go against him. *See, e.g.*, *Hernandez*, 2021 WL 4999022, at *4 ("The Court concludes that . . . Plaintiff's Section 1981 discrimination claim is based on citizenship or 'alienage.'"); *Maack v. Wyckoff Heights Med. Ctr.*, 2016 WL 3509338, at *15 (S.D.N.Y. June 21, 2016) (referring to "discrimination on the basis of 'alienage,' i.e., 'citizenship'"); *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 50 (S.D.N.Y. 2020) (rejecting claim "based on discrimination on the basis of U.S. Citizenship").

Plaintiff's attempt to differentiate alienage and citizenship discrimination is also inconsistent with the history of Section 1981.[2] Section 16 of the Voting Rights Act of

---

[2] Plaintiff argues that "prohibiting citizenship claims by Americans would be inconsistent with the legislative history," but focuses on the legislative history of the

*(Cont'd on next page)*

4

1870, ch. 114, § 16, 16 Stat. 140, 144, expanded the statute's coverage from all "citizens" to all "persons."  *See Anderson v. Conboy*, 156 F.3d 167, 173 (2d Cir. 1998) (describing history of Section 1981).  The legislative history of Section 16 clearly indicates that this change was intended to protect legal aliens from discrimination.  *See id.* at 173–75 (analyzing in detail the legislative history and concluding that "a prohibition on *alienage discrimination* was contemplated") (emphasis added).  Congress was not concerned with and did not endorse a separate "citizenship discrimination" claim designed to protect U.S. citizens from discrimination as non-aliens.

For these reasons, it is unsurprising that the weight of authority is firmly against Plaintiff (*see* Mot. at 6–8 (describing cases)), and Plaintiff fails to undermine these cases. His claim that the holding in *Tomason v. Stanley* was "dicta" is clearly incorrect (*see* Opp. at 9):  the court expressly states that the "*fundamental flaw* with Plaintiffs' § 1981 argument lies in the apparent assertion that discrimination against American citizens, in America, constitutes discrimination based on alienage."  2013 WL 5652040, at *4 (S.D. Ga. Oct. 16, 2013) (emphasis added) (dismissing Section 1981 claim as not cognizable). While Plaintiff argues that *Maack* is inapplicable because the plaintiff there was a naturalized U.S. citizen who failed to identify any binding precedent supporting his claim (Opp. at 9), the *very same facts exist here*.  2016 WL 3509338, at *5 (dismissing Section 1981 claim because "Section 1981's prohibition of alienage discrimination [does not] extend[] to naturalized U.S. citizens").  As to *Jatoi v. Hurst-Euless-Bedford Hospital Authority*, Plaintiff concedes that the Fifth Circuit dismissed an alienage discrimination claim because it was inconsistent with plaintiff's status as a U.S. citizen. 807 F.2d 1214, 1219 (5th Cir. 1987) (holding that there was "no foundation" for plaintiff's Section 1981 alienage claim "because [plaintiff] is a United States citizen"),

---

original version of Section 1981 (Opp. at 7), which applied only to discrimination based on race.  *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 384 (1982) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality.") (citation omitted).

*opinion modified on denial of reh'g*, 819 F.2d 545 (5th Cir. 1987).  Most tellingly, Plaintiff does not even address *Meyenhofer*, where the court dismissed an identical claim brought by the same lawyers representing Plaintiff in this case, reasoning that "U.S. Citizens are not a protected class under Section 1981." 503 F. Supp. 3d at 49–50.

Meta respectfully requests that this Court follow the lead of the Fifth Circuit and the majority of the district courts and reject Plaintiff's claim for discrimination based on his status as a U.S. citizen as beyond Section 1981's coverage.

**B.      Even if Cognizable, Plaintiff Fails to State a Section 1981 Claim**

**1.      Plaintiff's Reliance on the *Teamsters* Evidentiary Framework is Misplaced**

Plaintiff asserts that because he alleges a "pattern or practice" of discrimination on behalf of an uncertified class, he need not plead the elements required to state an individual Section 1981 claim.  Opp. at 10–12; *see also id.* at 13 (arguing that he need not plead discriminatory intent), 15 (arguing that he need not plead "but for" causation). According to Plaintiff, any time a plaintiff asserts a "pattern or practice" theory, he may proceed under the two-phase evidentiary framework of *International Brotherhood of Teamsters v. United States* applicable to class claims.  *See* 431 U.S. 324, 336, 360–62 (1977) (In Phase I, plaintiffs must establish discrimination was "the company's standard operating procedure," and in Phase II plaintiffs are entitled to a rebuttable presumption that individual hiring decisions were made pursuant to that policy).  Plaintiff argues that his intent to use *Teamsters* to prove his claims (*if* a class is certified) effectively insulates his individual discrimination claim from judicial scrutiny until Phase II, no matter how implausible or unsupported that individual claim may be.  Opp. at 10–12.  Plaintiff is incorrect.

Plaintiff confuses his burden of pleading a Section 1981 discrimination claim with the method of proof at trial under the *Teamsters* evidentiary framework (if a class is certified).  A "pattern or practice" claim is not a "free-standing cause of action"; it is merely "another method by which disparate treatment can be shown." *Celestine v.*

6

*Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) (citation omitted).   Section 1981, "not the *Teamsters* evidentiary framework, [] controls the substantive assessment of what elements must be determined to prove a pattern or practice of unlawful discrimination." *Hohider v. UPS, Inc.*, 574 F.3d 169, 185 (3d Cir. 2009). *Teamsters* thus does not "relieve [Plaintiff] of meeting the *de minimis* pleading requirement" of a Section 1981 claim. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998); *Herrera v. Serv. Emps. Int'l Union Loc. 87*, 2013 WL 12324535, at *5 (N.D. Cal. Sept. 13, 2013) (rejecting argument that allegations of a pattern or practice "excuse[d]" individual plaintiffs "from the burden of proving they personally can make out a prima facie case for discrimination"); *Lenk v. Sacks, Ricketts, & Case LLP*, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020) (reciting elements of Section 1981 claim). Plaintiff's theory flies in the face of Supreme Court precedent holding that "burden-shifting framework[s]" "can provide no basis for allowing a complaint to survive a motion to dismiss when it fails to allege essential elements of a plaintiff's [Section 1981] claim." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020); *see also Astre v. McQuaid*, 804 F. App'x 665, 667 n.3 (9th Cir. 2020) (burden-shifting framework "do[es] not determine the sufficiency of a § 1981 claim").

Plaintiff's reliance on *Teamsters* at the pleading stage puts the cart before the horse.  "[A]t the motion to dismiss stage, the Court only considers allegations pertaining to the named plaintiff because a putative class action cannot proceed unless the named plaintiff can state a claim for relief *as to himself.*" *Kamath v. Robert Bosch LLC*, 2014 WL 2916570, at *5 n.4 (C.D. Cal. June 26, 2014) (citation omitted) (emphasis added); *see also Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974) (holding that dismissal is the "proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek"); *Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) (finding that "the district court has no need

to entertain [plaintiff's] attempt to certify a class without a[n individual] claim"); *Rosenfeld v. Talamantes*, 2022 WL 2903144, at \*13 (C.D. Cal. May 23, 2022) (dismissing class claims where plaintiffs "failed to plausibly state any of their [individual] claims"). And because the *Teamsters* "pattern or practice" method of proof is unavailable to an individual plaintiff, it cannot remedy his failure to plead his own individual Section 1981 claim. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 632–33 (10th Cir. 2012) (holding that an individual plaintiff is barred from bringing a pattern or practice claim); *Herrera*, 2013 WL 12324535, at \*11 (acknowledging that a "pattern or practice claim . . . would be properly advanced only by a certified class"); *see also Williams v. Tech Mahindra (Americas), Inc.*, 2021 WL 302929, at \*6–7 (D.N.J. Jan. 29, 2021) (dismissing insufficiently pled individual claim after dismissing class claims).

Plaintiff's authorities are not to the contrary. Opp. at 10–11. *Brown v. Nucor Corp.*, 785 F.3d 895, 914–15 (4th Cir. 2015), was an appeal of class decertification and addressed the *Teamsters* standard of proof required to establish commonality for a pattern or practice claim—not the sufficiency of the pleadings at the outset of litigation. *EEOC v. General Telephone Company of Northwest, Inc.*, 599 F.2d 322, 332 (9th Cir. 1979), determined that the EEOC is not required to comply with the requirements of Rule 23 to bring claims on behalf of a class under Title VII, but it did not purport to set out the pleading standards for claims brought by individuals under Section 1981. And *Richardson v. City of New York* confirms Meta's position that at the pleading stage, the complaint must provide "minimal support for the proposition that the employer was motivated by discriminatory intent." 2018 WL 4682224, at \*6, 9 (S.D.N.Y. Sept. 28, 2018) (dismissing insufficiently pled Section 1981 compensation claim).

Plaintiff cannot evade pleading the elements of his Section 1981 claim.  Because, as explained next, Plaintiff has failed to do so, this Court should dismiss the FAC.[3]

### 2.   Plaintiff Fails to Plausibly Allege that Meta Acted With Discriminatory Intent

Plaintiff fails to allege facts supporting a plausible inference that Meta acted with discriminatory motivation towards him.  *See* Mot. at 9–10.  None of the alleged "facts" Plaintiff points to in his Opposition (at 10) is enough to satisfy his pleading burden.

First, Plaintiff claims that he "has alleged a pattern or practice of discrimination, which alone is sufficient to satisfy the pleading requirement for discriminatory intent." Opp. at 10.  As established in Section II.B.1, "pattern or practice" is not a free-standing cause of action, and *Teamsters* does not relieve Plaintiff of his burden to plead the discriminatory intent element of his Section 1981 claim.  *See Hohider*, 574 F.3d at 185. In any event, merely alleging that there was a pattern or practice is not enough.  "A pattern or practice allegation 'without any factual content to bolster it[] is just the sort of conclusory allegation that the *Iqbal* Court deemed inadequate.'"  *Vanvalkenburg v. Or. Dep't of Corrs.*, 2014 WL 5494895, at *6 (D. Or. Oct. 30, 2014) (quoting *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1226 (9th Cir. 2013)); *see also Diamond v. United States*, 2015 WL 11215851, at *7–8 (C.D. Cal. May 15, 2015) (finding that merely "invoking the phrase 'policy, custom, or practice' or the like" did not satisfy Section 1983 pleading requirements).

Second, Plaintiff claims that "[t]he allegation of statistical disparities in the Amended Complaint also satisfies the pleading requirement for discriminatory intent." Opp. at 12.  But the FAC did not allege statistical disparities.  As Meta pointed out in its

---

[3]   Even if Plaintiff were correct that he need only allege that discrimination was Meta's "standard operating procedure" (Opp. at 11), the FAC fails to do so.  Its allegations concerning Meta's "pattern or practice" are conclusory.  *See* Mot. at 9–10.  While it quotes allegations from the DOJ's Complaint regarding Meta's "standard operating procedure" (FAC ¶ 18), those recycled allegations are irrelevant and improper (*see infra* at Section II.C.).  The FAC otherwise contains no allegations detailing a specific Meta policy or practice.

*(Cont'd on next page)*

9

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:22-cv-02920-LB

Motion (at 11), the FAC alleges only that visa holders make up an unspecified "fraction of the United States market" (FAC ¶ 2).[4]  While Plaintiff attempts to supply the missing fraction in his Opposition (at 12), "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Barbera v. WMC Mortg. Corp*., 2006 WL 167632, at *2 n.4 (N.D. Cal. Jan. 19, 2006) (citation omitted).

In any event, Plaintiff's reliance on statistics is insufficient.  As the Supreme Court concluded in *Wal-Mart Stores, Inc. v. Dukes*, statistical information is not sufficient to raise an inference of a companywide policy of discrimination.  564 U.S. 338, 356–57 (2011).  Plaintiff's cases cited in Opposition (at 12), none of which involve a motion to dismiss and all but one of which predate *Dukes*, do not overcome this holding.  *See Obrey v. Johnson*, 400 F.3d 691, 696–97 (9th Cir. 2005) (reversing denial of motion in limine to admit statistical evidence); *Diaz v. Am. Tel. & Tel*., 752 F.2d 1356, 1358 (9th Cir. 1985) (overturning denial of request for discovery of statistical evidence); *Martinez v. Oakland Scavenger Co*., 680 F. Supp. 1377, 1394 (N.D. Cal. 1987) (issuing findings of fact and conclusions of law after bench trial); *Slaight v. Tata Consultancy Servs., Ltd*., 842 F. App'x 66, 68 (9th Cir. 2021) (upholding judgment after jury trial); *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307–08 (1977) (vacating judgment after trial); *Beck v. Boeing Co*., 60 F. App'x 38, 39 (9th Cir. 2003) (affirming partial grant of class certification).

Even if statistical evidence were sufficient (and it is not), the FAC's vague contentions fall short.  Indeed, Plaintiff's allegations are not even "statistics," but a contextless comparison of percentages, which is not properly limited to the qualified population.  *See EEOC v. Radiator Specialty Co*., 610 F.2d 178, 184 (4th Cir. 1979) ("When special skills are required statistical comparisons between defendant's work force and the general population will not normally be sufficiently probative to make out

---

[4]  The FAC does not directly compare this unspecified "fraction" to the makeup of Meta's workforce, which it only mentions thirteen paragraphs later (*see* FAC ¶ 15), further obfuscating Plaintiff's alleged assertion of "statistical disparities."

a [p]rima facie case."); *see, e.g.*, *Piva v. Xerox Corp.*, 654 F.2d 591, 596–97 (9th Cir. 1981) (rejecting as unpersuasive a comparison between the composition of the defendant's salesforce and the general workforce because "there was no evidence that most workers would be qualified to be [defendant's] salespersons").  Plaintiff does not explain how Meta's alleged reliance on more visa-dependent workers in hiring for highly specialized software engineering positions than used in the *entire* U.S. workforce is probative of discrimination, rather than, for example, the small pool of qualified domestic engineers.  And the "statistics" are irrelevant to whether there was a discriminatory intent as to Plaintiff himself.

Finally, Plaintiff argues that the DOJ's finding of "reasonable cause to believe that [Meta] had engaged in a pattern or practice of unfair immigration-related employment practices" also suggests discriminatory intent.  Opp. at 14.  These borrowed allegations should not be considered for the reasons discussed in Section II.C.  But even if they were considered, they are irrelevant.  *See* Mot. at 10–11 (explaining that the DOJ investigation concerned a different time-period and different alleged conduct).  Plaintiff asserts that it does not matter that the DOJ's investigation concerned an earlier time-period because "he alleges that Meta's citizenship discrimination and dependency on visa holders is continuous and ongoing."  Opp. at 14.  But that is a conclusory assertion unsupported by any specific facts.  Plaintiff further asserts that the DOJ investigation is relevant, even though it concerned Meta's alleged practice of failing to reasonably advertise positions it reserved for existing visa-holding employees, because it "targeted the *same type* of discrimination at issue here (discrimination based on citizenship / visa status), and evidences the company's preference for visa holders."  Opp. at 14.  That theory finds no support in the DOJ's allegations, and improperly suggests that virtually any past alleged misconduct that concerned the same underlying type of discrimination would support an inference of discriminatory intent.  This is not the law.

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:22-cv-02920-LB

As set forth in Meta's Motion (at 10–12), Plaintiff alleges no facts concerning his own experiences with Meta that demonstrate a discriminatory motive as to him specifically.  He tries to leverage unadjudicated and unadmitted DOJ allegations, but those allegations concern a different statute and different conduct that did not concern him personally.  *Id.* at 10.  Plaintiff's allegations boil down to a simple and ordinary occurrence:  he applied for some jobs, but was not hired.  Plaintiff's Section 1981 claim is not plausible, and should be dismissed.

### 3.   Plaintiff Fails to Plausibly Allege that He Would Have Been Hired "But For" Discrimination

As explained in Meta's Motion to Dismiss, the FAC does not contain allegations sufficient to plausibly suggest that Plaintiff would have been hired "but for" discrimination.  Mot. at 12–14 (explaining that Plaintiff must allege "specific facts," such as racially discriminatory statements or that he was passed over in favor of less-qualified non-U.S. citizens).  Plaintiff points to a handful of allegations that he claims meet the causation requirement (Opp. at 16), but each is irrelevant, conclusory, or both.[5]

First, Plaintiff directs the Court to general allegations concerning Meta's alleged "discriminatory scheme," "rationale for favoring visa holders," and alleged "pattern or practice" of discrimination in unrelated PERM hiring.[6]  *Id*.  These allegations do not suggest that Plaintiff would have been hired "but for" this alleged scheme.  Because

---

[5]   Plaintiff's contention that he need not allege the "but for" causation element required by the Supreme Court in *Comcast*, 140 S. Ct. at 1016, 1018–19 merely because he asserts a pattern and practice claim on behalf of an uncertified class is incorrect for the reasons stated in Section II.B.1. Further, the Supreme Court in *Comcast* explicitly rejected the suggestion that the application of the *McDonnell Douglas* evidentiary framework changed the pleading standard for causation in an individual Section 1981 claim.  140 S. Ct. at 1019.  The only authority Plaintiff offers in support of his causation argument is an out-of-circuit opinion that pre-dates *Comcast* by more than 30 years and which stands for the unremarkable proposition that but-for causation is established at Phase II of *Teamsters*.  *See Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 863 (3d Cir. 1987).  While Teamsters governs *when* causation must be shown for pattern or practice class claims, it does not relieve a plaintiff of his responsibility to "initially plead" it.  *Comcast*, 140 S. Ct. at 1019.

[6]   As established at Sections II.B.2. and II.C., allegations concerning the DOJ's investigation are irrelevant and improper.

12

"Plaintiff can point to no racially discriminatory statements or conduct by [Meta], his [interviewers], or anyone conceivably involved in the decision to [ ] refuse to [hire] him," but only that "because of '[Meta's] pattern or practice of discrimination,'" he was not hired, his claim must be dismissed. *Williams*, 2021 WL 302929, at *7 (dismissing Section 1981 claim under *Comcast*).

Second, Plaintiff cites the FAC's allegations that he was "well qualified" for the roles to which he applied and "receiv[ed] positive feedback" in interviews for some of those positions, but was not hired "because of his citizenship." Opp. at 16. These exact allegations were rejected in *Bibi v. VxL Enterprises, LLC*, where the plaintiff alleged that he "applied . . . [to] numerous available positions for which he was qualified and experienced," but was not hired. Amended Complaint ¶ 39, No. 3:21-cv-04670 (N.D. Cal. Sept. 24, 2021), ECF No. 26. Plaintiff's allegations amount to nothing more than a "personal belief of discrimination, without any factual support," which is "insufficient to satisfy federal pleading standards." *Moralez v. Whole Foods Mkt. Cal., Inc.*, 2016 WL 845291, at *2 (N.D. Cal. Mar. 4, 2016). While Plaintiff urges that he has met his pleading burden under *Parks v. Buffalo City School District*, that case concerned municipal liability, and the plaintiff therein alleged numerous "examples" of discrimination, including that Caucasian employees were promoted over her. 2020 WL 2079320, at *1, 9 (W.D.N.Y. Apr. 30, 2020). Similar allegations are absent from the FAC, requiring dismissal of Plaintiff's Section 1981 claim.

## C.   The Court Should Strike Plaintiff's Allegations Concerning the DOJ Complaint and No-Admit Settlement

As set forth in Meta's Motion to Dismiss, Plaintiff's FAC is replete with allegations improperly borrowed from an unrelated DOJ complaint and no-admit settlement with no indication that Plaintiff's counsel conducted his own investigation into that alleged conduct as required under Rule 11. *See* Mot. at 14–17. In Opposition, Plaintiff urges that "neither Rule 12(f) nor Rule 11 provides grounds for striking the challenged allegations in Plaintiff's complaint" (Opp. at 6; *see also id.* at 16–17),

13

ignoring the wealth of authority cited in Meta's Motion granting motions to strike (Mot. at 14–17).[7]  Under these cases, if the FAC is not entirely dismissed, Paragraphs 2, 13, 17, 18, and 19 should be stricken.  Plaintiff's arguments to the contrary are unconvincing.

First, Plaintiff argues that the challenged allegations are "undisputedly accurate description[s] of the DOJ investigation, findings, complaint and settlement."  Opp. at 19; *see also id.* at 17.  This entirely misses the point.  Even if the allegations accurately describe the DOJ's conclusions (which they do not), they are problematic because Plaintiff presents them as statements of fact and proof of discrimination, rather than what they are—unadjudicated and unadmitted allegations from a matter in which Plaintiff's counsel had no involvement.  Plaintiff's Opposition lays this bare, citing the fact that "the *DOJ* found reasonable cause" as *proof* of Meta's discriminatory intent.  Opp. at 10 (emphasis added).[8]  (And, as explained above in Section II.B.2, the DOJ's irrelevant allegations are not proof of anything with respect to Plaintiff.)

Second, Plaintiff claims that he can rely on third party materials "so long as those materials are not 'the only basis' for the allegations."  Opp. at 19.  But the challenged allegations are not substantiated by any other facts alleged in the FAC.  For example, Paragraph 2 of the FAC alleges that Meta has a preference for hiring visa-dependent workers.  FAC ¶ 2.  Yet the only explanation that Plaintiff offers is the DOJ Complaint and Settlement.  *Id.*  Paragraph 17 asserts that Facebook has a "preference for hiring and employing visa workers," but the only support that follows is a summary of the DOJ's "investigation into Facebook's recruitment and hiring practices."  FAC ¶ 17.  As explained in Meta's Motion, Plaintiff's allegations concerning the makeup of

---

[7]  Because Meta did not make a Rule 11 motion, it is irrelevant that it "failed to follow the procedural requirements of Rule 11."  Opp. at 18.

[8]  It is likewise irrelevant that Meta "has not disputed . . . the sufficiency of Plaintiff's investigation into *those proceedings*" (Opp. at 17) (emphasis added); Meta disputes Plaintiff's investigation into the accuracy of the underlying allegations.

14

Facebook's workforce and his specific experiences do not support his allegations of wrongdoing. *See* Mot. at 17. And Plaintiff's assertion that he cites the DOJ materials to "provide context for [his] claims" is not only belied by the FAC, but by his admission in the very next sentence that his "citations . . . *support* Plaintiff's pattern or practice allegations and *corroborate* his experiences." Opp. at 20 (emphases added).

Third, Plaintiff asserts that his counsel did in fact "independently investigate[] the claims" and submits a declaration from counsel regarding his supposed investigation. Opp. at 19; ECF No. 27-1. But *Fraker v. Bayer Corporation* instructs that the court must look only to the face of the complaint. *See* 2009 WL 5865687, at *5 (E.D. Cal. Oct. 6, 2009) ("[T]he court tests the sufficiency of Plaintiff's allegations by mentally stripping the complained-of paragraphs and determining if what is left in the complaint alleges a factual basis for the claims asserted."). As explained in Meta's Motion (at 17), stripped of the borrowed allegations, the FAC fails to "allege[] a factual basis for the claim[] asserted." *Fraker*, 2009 WL 5865687, at *5. But even if considered, Plaintiff's counsel's formulaic declaration does not explain whether and how he verified his allegations. For example, counsel states that he "investigat[ed] industry practices and Meta's practices related to reliance on H-1B visa workers" (ECF No. 27-1 ¶ 3), but he does not explain what that investigation uncovered (or why these findings are absent from the FAC). Because the declaration (much less the FAC) evidences "no independently acquired evidence that would tend to support Plaintiff's central allegations" of discrimination, Paragraphs 2, 13, 17, 18, and 19 should be stricken. *Fraker*, 2009 WL 5865687, at *5.

## III.   CONCLUSION

For the foregoing reasons and those set forth in Meta's Motion to Dismiss, Meta respectfully requests that the Court dismiss Plaintiff's FAC with prejudice. If the Court is not inclined to dismiss the FAC, Meta respectfully requests that the Court strike Paragraphs 2, 13, 17, 18, and 19.

1

2    DATED:  September 19, 2022          GIBSON, DUNN & CRUTCHER LLP

3

4                                        By: /s/    *Michele L. Maryott*
5                                                   Michele L. Maryott

6                                        Attorneys for Defendant
                                         META PLATFORMS, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:22-cv-02920-LB