ERIN M. CONNELL (SBN 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

ESTHER LANDER (SBN *pro hac vice*)
elander@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave NW, 6th Floor
Washington, DC  20037
Telephone:     +1 202 339 8400

SCOTT MORRISON (SBN 320167)
scott.morrison@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA  92614-8255
Telephone:     +1 949 567 6700

Attorneys for Defendant
META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PURUSHOTHAMAN RAJARAM, EKTA BHATIA, QUN WANG, MICHAEL BROWNE, and WILLIAM AUSTIN WEBB,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:22-cv-02920-LB<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE, OR IN THE ALTERNATIVE MODIFY, THE CLASS DEFINITIONS**<br><br>Hon. Laurel Beeler<br><br>Date:     July 31, 2025<br>Time:    9:30 a.m.<br>Dept.    Courtroom B |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     THE COURT SHOULD GRANT META'S MOTION TO STRIKE OR MODIFY
        THE CLASS ALLEGATIONS ............................................................................ 3

        A.      Plaintiffs Concede That Both Alleged Classes Are Facially Overbroad And
                Should Be Struck Or Modified To Include Only U.S. Citizens And Not All
                "Non-Visa Holders." ............................................................................... 3

        B.      The Hiring Class Suffers From Significant Issues That Must Be Remedied
                At The Pleading Stage ............................................................................. 4

                1.      The Hiring Class Includes Putative Class Members Who Have
                        Suffered No Injury, And Therefore Lack Article III Standing ................... 4

                2.      Plaintiffs' Allegations Lack Support For A Hiring Class That
                        Includes Any Hiring Vendor Other Than Infosys ...................................... 5

        C.      The Termination Class Suffers From Significant Issues That Must Be
                Remedied At The Pleadings Stage ............................................................ 7

                1.      The Termination Class Includes Putative Class Members Who
                        Have Suffered No Injury .......................................................................... 7

                2.      Plaintiffs' Allegations Lack Support For A Termination Class That
                        Includes Any Hiring Vendor Other Than Crystal Equation ...................... 8

                3.      Plaintiffs Fail To Limit Their Termination Class To Relevant Roles ......... 9

III.    CONCLUSION .................................................................................................... 9

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. Coca-Cola Co.*,
    2025 WL 1027431, No. 1:22-cv-01511-KJM-EPG (E.D. Cal. Apr. 7, 2025) ..................... 6, 8

*Baton v. Ledger SAS*,
    740 F. Supp. 3d 847 (N.D. Cal. 2024) ...................................................................... 3

*Bush v. Vaco Tech. Servs., LLC*,
    No. 17-CV-05605-BLF, 2020 WL 709305, at *1 (N.D. Cal. Feb. 12, 2020) .......................... 6

*Denney v. Deustche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) ................................................................................... 5

*Garza v. Swift Beef Co.*,
    No. CV 22-06223 PSG (E), 2024 WL 5415842 (C.D. Cal. Jan. 23, 2024) .................... 6, 7, 8

*In re Google Generative AI Copyright Litig.*,
    No. 23-cv-3440-EKL, 2025 WL 1159998 (N.D. Cal. Apr. 21, 2025) ................................... 3

*In re Initial Public Offering Securities Litigation*,
    No. 21 MC 92 (SAS), 2008 WL 2050781 (S.D.N.Y. May 13, 2008) ............................. 3, 4, 8

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) .................................................................................. 3

*Lyons v. Bank of America*,
    No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ...................................... 5

*Parsittie v. Schneider Logistics, Inc.*,
    No. CV 19-3981-MWF, 2021 WL 9749189 (C.D. Cal. Nov. 30, 2021) ............................. 7, 8

*Rajaram v. Meta Platforms, Inc.*,
    105 F. 4th 1179 (9th Cir. 2024) ............................................................................... 5

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2024) ...................................................................... 4, 5

*Wofford v. Safeway Stores, Inc.*,
    78 F.R.D. 460 (N.D. Cal. 1978) ................................................................................ 6

**Statutes**

42 U.S.C. § 1981 ............................................................................................................ 5, 8

Fed. R. Civ. P. Rule 12 ............................................................................................... 3, 4, 6

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

Fed. R. Civ. P. Rule 12(f) ................................................................................................ 3, 8, 9

Fed. R. Civ. P. Rule 23 ...................................................................................................... 3, 4, 6

Fed. R. Civ. P. Rule 23(a) .................................................................................................... 6

Fed. R. Civ. P. Rule 23(b) .................................................................................................... 6

Fed. R. Civ. P. Rule 23(d) ............................................................................................... 3, 4, 8

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

Meta's motion to strike or modify Plaintiffs' class definitions is proper because the defects

4

in Plaintiffs' class definitions are apparent from the face of the Complaint and those defects cannot

5

be remedied by discovery.  Under those circumstances, courts, including courts in this circuit, have

6

granted motions to strike or amend class definitions at the pleading stage.  Accordingly, Plaintiffs

7

cannot avoid the consequences of their overbroad pleading by merely citing to inapposite cases

8

where the motion to strike was denied because, unlike here, the class definition issues were not

9

plain on the face of the complaint and could be remedied through discovery.

10

As an initial matter, Plaintiffs admit they will not seek to certify a class of "non-visa

11

holders," and instead will seek certification of classes limited to U.S. Citizens.  Opp. 8.  Instead of

12

agreeing to amend their Complaint to acknowledge this concession, Plaintiffs instead claim this

13

Court is powerless to require that modification at this stage of the litigation.  Plaintiffs are wrong.

14

This Court should require Plaintiffs to amend their Complaint consistent with their concession.

15

Further, with respect to the Hiring Class definition, Plaintiffs attempt to sidestep the fact

16

that their current definition necessarily, and on its face, includes putative class members who have

17

suffered no injury as a matter of law under Plaintiffs' own theory of liability, and therefore have no

18

claim, by attempting to focus the Court's attention on the standing of the Named Plaintiffs.  This

19

argument is a red herring.  Putative class members who applied, but were not hired, for roles filled

20

by U.S. Citizens (or not filled at all) have suffered no injury and have no claim because Plaintiffs'

21

own theory of liability requires that the role was filled by an H-1B visa holder.  For unexplained

22

reasons, Plaintiffs not only refuse to excise these uninjured class members from their class

23

definition, but they also are actively seeking discovery on them.  Plaintiffs characterize this Motion

24

as "a thinly veiled attempt to curtail the scope of discovery," Opp.1, but the fact that Plaintiffs

25

already are attempting to flagrantly abuse the discovery process is precisely why Meta is forced to

26

ask this Court to reign in Plaintiffs' overbroad class definitions.  Similarly, Plaintiffs effectively

27

admit that although they identify only one third-party vendor who is alleged to have refused to hire

28

U.S. Citizens for work on Meta contracts, their class definition purports to include every Meta third-

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

party vendor, which they are already using to exploit discovery. While Plaintiffs claim this Court should not hold them to their allegations because they allege a "pattern or practice" of discrimination, their argument inappropriately conflates threshold pleading requirements with how courts analyze the merits *after* plaintiffs have overcome the hurdle of class certification. In other words, simply labeling their allegations as a "pattern or practice" does not evade class action pleading standards or allow Plaintiffs to convert only one instance of alleged discrimination by a single third-party vendor into an expansive class that includes all third-party vendors across the entire company. Plaintiffs' allegations—on their face—do not support a Hiring Class that includes any third-party vendor other than Infosys.

With respect to the Termination Class definition, Plaintiffs primarily argue that they should not be held to the allegations in their Complaint. *First*, despite Plaintiffs' refusal to acknowledge it, Plaintiff Webb never worked directly for Meta, yet he nevertheless seeks to represent a putative class filled with people who did. No amount of discovery can change the fact that Plaintiff Webb's primary complaint is that he was not hired by Meta when his contract role ended. Meta employees included in the Termination Class definition were hired by Meta before subsequently being terminated, and that makes these Meta employees oppositely situated to Webb. *Second*, Plaintiffs theory of liability relies on the premise that putative class members were terminated because of their U.S. citizenship, but Plaintiffs nonetheless refuse to modify their Termination Class definition to include only U.S. Citizens who were terminated by Crystal Equation under circumstances where non-U.S. Citizens in comparable roles were retained. Again, no amount of discovery will make terminations with no nexus to Plaintiffs' theory of liability suddenly have such a nexus. *Third*, like the Hiring Class, the Termination Class purports to include all Meta third-party vendors company-wide, which is unmoored from Plaintiffs' allegations. *And finally*, unlike the Hiring Class definition, Plaintiffs do not even attempt to limit the Termination Class to the types of roles which are the subject of the allegations in their Complaint.

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

## II.    THE COURT SHOULD GRANT META'S MOTION TO STRIKE OR MODIFY THE CLASS ALLEGATIONS

### A.    Plaintiffs Concede That Both Alleged Classes Are Facially Overbroad And Should Be Struck Or Modified To Include Only U.S. Citizens And Not All "Non-Visa Holders."

Plaintiffs concede that both the Hiring Class and Termination Class definitions are overbroad to the extent they seek to include all non-visa holders, instead of only U.S. Citizens. Opp. 8 ("Plaintiffs do not disagree with [Meta's] argument, and will only seek certification on behalf of a class of U.S. citizens."). Despite this concession, Plaintiffs contend that the Court is powerless to enforce this modification under Rule 12(f). *Id.* But that is not so. Meta seeks to strike or modify the class definitions under both Rule 12(f) and Rule 23(d), which grant this Court broad discretion to require that defective class definitions be modified at the pleadings stage when the defects are apparent on the face of the complaint and cannot be remedied through discovery. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, No. 23-cv-3440-EKL, 2025 WL 1159998, at *2 (N.D. Cal. Apr. 21, 2025) (A court may strike class allegations at the pleading stage under Rule 12(f) when it is "facially evident [and] makes sense to address the issues early on." (quoting *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 883 (N.D. Cal. 2024))); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 206 n.2, 213 (9th Cir. 1975) (affirming a district court's order dismissing class allegations at the pleading stage under Rule 23). Plaintiffs offer no valid reason why this Court should allow them to proceed into discovery with a class definition that they concede is defective, and Rules 12 and 23 permit this Court to order Plaintiffs to remove the defect now, at the pleading stage.[1]

While Plaintiffs take issue with Meta's reliance on *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS), 2008 WL 2050781 (S.D.N.Y. May 13, 2008), Opp. 8-9, they miss the point of that case. In *In re Initial Public Offering Securities Litigation*, the Court struck the

---

[1] Plaintiffs disingenuously describe the discovery served thus far in the case as "targeted," and characterize it as containing "just five data requests concerning Meta's applicants, employees, contractual employees, visa filings and PERM filings." Opp. at 4. A plain read of those "targeted" five requests makes clear, however, that they ask Meta to produce very detailed individualized data regarding *every single employee of Meta and all its vendors* for the duration of the class period. *See* ECF 91-2. Similarly, the requests seek very detailed individualized data regarding *every single job applicant who applied to Meta and all of its vendors* and was not hired, for any job and for any reason, for the duration of the class period. *Id.* It is difficult to comprehend discovery that is broader than the discovery Plaintiffs are seeking in this case, which is far from "targeted."

META PLATFORMS, INC'S REPLY IN SUPPORT OF MOTION TO STRIKE 3:22-cv-02920-LB

class allegations under Rule 23(d) because Plaintiffs failed to identify class representatives who "possess[ed] the same interest and suffer[ed] the same injury shared by *all* members of the class." 2008 WL 2050781, at *2 (emphasis added).  The rationale for the Court's ruling was based on a significant mismatch between the named plaintiffs and the class they sought to represent.  *See id.* at *2 ("[P]roposed class representatives for the Aftermarket Classes are not members of the proposed Aftermarket Classes because they received initial allocations.").  The same is true here, as Plaintiffs admit.  Plaintiffs submit that "Plaintiffs are all U.S. citizens," Opp. 9, but that is not true of the putative classes as currently defined.  Accordingly, this case involves the same type of mismatch that was at issue in *In re Initial Public Offering Securities Litigation*, *i.e.*, Plaintiffs here—like the named plaintiffs there—did not "suffer the same injury shared by all members of the class [they seek to] represent[]."  *Id.* at *2.[2]  Like the court there, this Court should strike or require Plaintiffs to modify their class definition to remedy this defect.

**B.**    **The Hiring Class Suffers From Significant Issues That Must Be Remedied At The Pleading Stage.**

**1.**    **The Hiring Class Includes Putative Class Members Who Have Suffered No Injury, And Therefore Lack Article III Standing.**

In order for a putative class member to have suffered an injury under Plaintiffs' Hiring Class theory, the putative class member must have been denied a role at Meta *because* they are a U.S. Citizen. TAC ¶¶ 93 and 95.  Otherwise, they have suffered no injury under Plaintiffs' theory of the case, and do not belong in the putative class.  Contrary to Plaintiffs' arguments, Judge Fogel's reasoning in *Sanders* is on point.  Mot. 9-10.  Judge Fogel explained that because "no class may be certified that contains members lacking Article III standing … [t]he class must therefore be defined in such a way that anyone within it would have standing."  *Sanders v. Apple, Inc.*, 672 F. Supp. 2d

---

[2] Plaintiffs suggest that the mismatch here is acceptable because they have defined the class so broadly that it includes Named Plaintiffs because U.S. Citizens are also non-visa holders.  Opp. 9.  However, that claim ignores the *In re Initial Public Offering Securities Litigation* court's reasoning that the impermissible mismatch resulted from the fact that named plaintiffs did not share the same injury as "*all* members of the class."  *Id.* at *2 (emphasis added).  Under Plaintiffs' reasoning, a class definition of "all persons" with no qualifier would not require any modification at the pleading stage in this case because Named Plaintiffs would necessarily be within that exceptionally broad class as well.  There is no reason for the Court or the parties to be forced to litigate—and conduct discovery—covering such an *admittedly* overbroad class when Rules 12 and 23 give this Court discretion to require appropriate modifications.

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

978, 991 (N.D. Cal. 2024) (quoting *Denney v. Deustche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)). Plaintiffs attempt to distinguish *Sanders* by arguing that all of the putative class members, including those who suffered no injury, are nonetheless members of the class because "the hiring class includes only non-visa holders who applied to certain positions with Facebook/Meta and were not hired, and as such, suffered an adverse employment action and cognizable injury." Opp. 10. However, for purposes of this case, not being hired is "an adverse employment action and cognizable injury" under Section 1981 *only* if the reason the individual was not hired was because of discrimination based on their citizenship. *See Rajaram v. Meta Platforms, Inc.*, 105 F. 4th 1179, 1181 (9th Cir. 2024) ("This case presents the question whether 42 U.S.C. § 1981 prohibits discrimination in hiring against United States citizens *on the basis of their citizenship*. We conclude that it does." (emphasis added)). Plaintiffs fail to explain how discovery could possibly remedy the fact that the Hiring Class currently includes putative class members who were not hired because Meta hired another U.S. Citizen or did not hire anyone for the roles they sought, which cannot give rise to liability under Plaintiffs' theory. Accordingly, like in *Lyons v. Bank of America*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011), Plaintiffs' "proposed class includes many members who have not been injured," and this Court should strike the class definition or order Plaintiffs to modify it to remedy this defect.[3]

### 2.    <u>Plaintiffs' Allegations Lack Support For A Hiring Class That Includes Any Hiring Vendor Other Than Infosys.</u>

Plaintiffs have no allegations in their Complaint that third-party vendors other than Infosys discriminate against U.S. Citizens when hiring workers for Meta contracts. Nevertheless, Plaintiffs assert that "Meta maintains the same pattern or practice of discrimination in hiring across its third-party vendors." Opp. 10. No facts in the Complaint support this conclusory allegation. Rather, the only other third-party vendor who interacted with any of the Plaintiffs—Crystal Equation— hired U.S. Citizens, including Plaintiff Webb. Plaintiffs also cannot exempt themselves from the

---

[3] Plaintiffs note that in both *Sanders* and *Lyons* "the motion to strike the class definitions was granted" and "it was granted with leave to amend." Opp. 10. Meta agrees and does not oppose permitting Plaintiffs to amend their Complaint to remedy each of the defects identified in Meta's Motion.

pleading requirements or Rule 23 simply because they characterize their claims as a "pattern or practice," which is the proof scheme that courts apply to private class actions *after* a class has been certified. *See Wofford v. Safeway Stores, Inc.*, 78 F.R.D. 460, 474 (N.D. Cal. 1978) ("These principles have led courts to permit the maintenance of across-the-board classes covering individuals whose race, job classification, place of employment, and claim for relief may vary substantially from those of the named plaintiffs. But they do not relieve the named plaintiffs of their burden of establishing compliance with each of the prerequisites of Rule 23(a) as well as one of the subcategories of Rule 23(b)."). Moreover, while Plaintiffs are correct that the "identity of Meta's vendors can be ascertained through discovery," Opp. 11, it is not the identity of the vendors that is at issue. What is at issue is whether those other vendors discriminate on the basis of citizenship, and Plaintiffs have failed to plead *any* basis for this Court to believe that they do. Instead, Plaintiffs hope that this Court will grant them a license to conduct unbridled and abusive discovery with no valid basis for alleging that any such discrimination exists in the first place. To curb such abusive discovery tactics, Rules 12 and 23 give this Court the ability to limit the class definitions at the pleading stage, consistent with Plaintiffs' actual allegations. *See Barnes v. Coca-Cola Co.*, 2025 WL 1027431, No. 1:22-cv-01511-KJM-EPG, at *4-*5 (E.D. Cal. Apr. 7, 2025) (striking class allegations at the pleading stage because the class allegations were overbroad).

The cases on which Plaintiffs rely in support of their argument that the Court is powerless to prevent Plaintiffs from proceeding on their overbroad class definitions are inapposite. First, *Bush v. Vaco Technology Services, LLC*, supports Meta's position, not Plaintiffs'. There, the court denied a motion to dismiss the class allegations, but only after granting the same motion three times previously and forcing plaintiffs to narrow their class definition because the classes were initially overbroad. *See Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2020 WL 709305, at *1 (N.D. Cal. Feb. 12, 2020) ("The Court has thrice dismissed Plaintiff's class claims on the ground that Plaintiff's factual allegations were insufficient to support claims brought on behalf of broadly-defined classes."). That is precisely what Meta asks this Court to do here. Likewise, in *Garza v. Swift Beef Co.*, the court struck plaintiffs' class definition at the pleading stage twice —just as Meta asks this Court to do here. No. CV 22-06223 PSG (E), 2024 WL 5415842, at *14 (C.D. Cal. Jan.

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

23, 2024).  And while the second time around, the *Garza* court did not strike the class definition based on the failure to identify unnamed staffing agencies, the *Garza* plaintiffs alleged in their complaint that direct and staffing agency employees worked side-by-side in the same meat packing plant and were, therefore, subject to the same wage and hour violations—Plaintiffs here make no such allegations.  *See id.* at *13 ("Plaintiffs sufficiently allege that employees who were indirectly hired by Defendant suffered the same violations as those directly hired by Defendant, so that there is a plausible legal theory for relief on a class-wide basis.").  The same was true in *Parsittie v. Schneider Logistics, Inc.*, No. CV 19-3981-MWF (AFMX), 2021 WL 9749189, at *2 (C.D. Cal. Nov. 30, 2021), another wage and hour case, where "[t]he court found that th[e] definition was not overly broad because it limited the class to individuals who were employed by the defendants and physically worked at the defendants' facilities," *i.e.*, both those employees hired directly and indirectly suffered the same injuries based on the allegations in the complaint.  *Garza*, 2024 WL 5415842, at *13 (discussing *Parsittie*).  Plaintiffs cite no case addressing a proposed class like the class in this case, let alone a case where a court found such a class was not overbroad.  Accordingly, Plaintiffs have no support for their claim that this Court should allow it to engage in discovery about all of Meta's third-party vendors based on a single allegation that a single vendor discriminates in its hiring.

## C. The Termination Class Suffers From Significant Issues That Must Be Remedied At The Pleadings Stage.

### 1. The Termination Class Includes Putative Class Members Who Have Suffered No Injury.

According to the Complaint, Plaintiff Webb is "the only Plaintiff who worked for Meta" as a vendor worker and not directly, but nonetheless seeks to represent a class comprised of noncontractual employees who were directly hired and terminated by Meta.  Opp. 13.  Plaintiffs do not offer a single case that supports the notion that an alleged *de facto* employee, who complains that he was not hired directly by a defendant employer, can represent a class of individuals who

*were* hired by the defendant employer (and terminated), and Meta is not aware of one.[4]  The mismatch between Plaintiff Webb's allegations and the experience of Meta's actual employees is clear on the face of the Complaint.  As the Complaint details, the essence of Plaintiff Webb's Complaint is that he was never hired by Meta out of—or after—his role with Crystal Equation, and the reason he wanted Meta to hire him directly is because, as alleged in the Complaint, Meta's direct employees receive "higher compensation and better benefits than" vendor workers.  TAC ¶ 80.  Simply put, based on Plaintiffs' allegations, a Meta employee who is terminated and a vendor employee who is not hired do not share the same injury.  Accordingly, this Court may—and should—limit the scope of Plaintiffs' class to reflect their actual allegations.  *See In re Initial Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *3 (striking class allegations when Plaintiffs failed to produce class representatives who suffered the same injury as the putative class members they sought to represent).

Additionally, Plaintiffs' theory of liability under Section 1981 is that Plaintiff Webb and the putative class members he seeks to represent were terminated because they are U.S. Citizens. TAC ¶ 80-93.  Nevertheless, the Termination Class on its face includes Meta employees who were terminated for any reason.  While Plaintiffs claim this "argument is premature absent any discovery," Opp. 13, there is no discovery that will bring putative class members within the scope of Plaintiffs' theory of liability for termination decisions that obviously have no nexus with the terminated employee's U.S. citizenship.  Accordingly, the Termination Class definition should be struck or modified.

## 2. <u>Plaintiffs' Allegations Lack Support For A Termination Class That Includes Any Hiring Vendor Other Than Crystal Equation.</u>

The Termination Class's inclusion of vendors other than Crystal Equation must be struck or modified pursuant to Rule 12(f) and Rule 23(d) because it is overbroad and unworkable.  *See Barnes*, 2025 WL 1027431, at *4–*5 (striking class allegations at the pleading stage because the

---

[4] While Plaintiffs do not cite any cases in responding to Meta's argument on this point, Opp. 13, to the extent Plaintiffs may attempt to rely on *Garza* or *Parsittie*, those cases are inapposite as explained *supra* at 6-7.

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB

1    class allegations were overbroad).  Just as the Hiring Class makes no allegations as to any vendors

2    other than Infosys, and has no meaningful guardrails to curtail discovery abuse, the same is true for

3    the Termination Class with respect to Crystal Equation.  Accordingly, the Termination Class should

4    be struck or modified for the same reason.  *See Supra* at 5-7.

5              **3.    Plaintiffs Fail To Limit Their Termination Class To Relevant Roles.**

6              Unlike the Hiring Class, which Plaintiffs at least attempted to limit to broad job categories

7    based on the roles the Named Plaintiffs sought with Meta (which Meta does not concede are

8    sufficiently narrowed), Plaintiffs' Termination Class includes no similar limitation.  Fed. R. Civ.

9    P. 12(f); *see* TAC generally & ¶¶ 84, 93.  As currently pled, the Termination Class encompasses

10   every single role at Meta—or one of Meta's vendors—of any nature or kind whatsoever.  TAC

11   ¶ 93.  That is plainly overbroad, as evidenced both by the fact that Plaintiffs limited the Hiring

12   Class definition to some category of roles and Plaintiff Webb only sought one type of role—a data

13   analyst/scientist role—at Meta.  TAC ¶¶ 81, 90.   Accordingly, the Termination Class should be

14   limited to Plaintiffs' actual allegations, which are data scientist roles.

15   **III.    CONCLUSION**

16             For the foregoing reasons, this Court should strike or modify Plaintiffs' class definitions

17   and order Plaintiffs to amend their Complaint to resolve the class definition deficiencies discussed

18   above.

19

20   Dated: June 17, 2025                              ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22                                                     By:  */s/ Erin Connell*

23                                                          ERIN M. CONNELL
                                                          Attorneys for Defendant
24                                                        META PLATFORMS, INC.

25

26

27

28

META PLATFORMS, INC'S REPLY IN
SUPPORT OF MOTION TO STRIKE
3:22-cv-02920-LB